NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1433

RICHARD DEVINE[1]

vs.

PHILIP MORRIS USA INC. & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Richard Devine, individually and as personal representative of the estate of his late wife, Catherine Mary Devine (Catherine), brought claims in the Superior Court against the defendants for breach of warranty, negligence, civil conspiracy, fraud and misrepresentation, violations of G. L. c. 93A, wrongful death under G. L. c. 229, § 2, and loss of consortium.[3] The plaintiff now appeals from a judgment on the

---

[1] Individually and as personal representative of the estate of Catherine Mary Devine.

[2] R.J. Reynolds Tobacco Co. and The Stop & Shop Supermarket Co., LLC.

[3] The claims for negligence, civil conspiracy, fraud and misrepresentation, and violations of G. L. c. 93A were not asserted against The Stop & Shop Supermarket Company, LLC.

pleadings dismissing his complaint.  The relief he seeks is principally an opportunity to amend his complaint and present a new argument in the Superior Court.  We decline to grant such relief and affirm the judgment.

Background.[4]  Catherine began smoking cigarettes when she was around thirteen years old.  From 1969 to 2004, she smoked cigarettes manufactured by Philip Morris USA Inc. and R.J. Reynolds Tobacco Company (or its predecessors), some of which were sold to her by The Stop & Shop Supermarket Company, LLC.  Around 1998, Catherine was diagnosed with chronic obstructive pulmonary disease (COPD), a smoking-related illness.  As her health declined, her medical treatment involved an inhaler and nebulizer, a ventilator, oxygen therapy, and use of a wheelchair.  Catherine's smoking-related illness ultimately caused her death in November 2018, at age sixty-two.  The plaintiff brought this action in November 2021.

In September 2022, the judge stayed proceedings at the joint request of the parties pending the Supreme Judicial Court's decision in the factually similar case of Fabiano v. Philip Morris USA Inc., 492 Mass. 361 (2023).  Decided on July 6, 2023, Fabiano established that

_____

[4] "We recite the facts drawn from the parties' pleadings and the exhibits attached thereto" (quotation and citation omitted). Mullins v. Corcoran, 488 Mass. 275, 276 (2021).

2

"[i]n light of the derivative character of wrongful death claims, for a representative of the decedent's estate to have a right to bring a wrongful death action, the decedent must have had the continued right to bring a cause of action for the injuries that caused his or her death."

Id. at 362. On November 6, 2023, the defendants filed a motion for judgment on the pleadings arguing that the holding in Fabiano precluded the plaintiff's recovery. The defendants argued that the statute of limitations for Catherine's claims[5] had run more than fifteen years before her death in 2018 because those claims accrued based on the diagnosis of her COPD around 1998, and therefore the plaintiff had no right to bring a wrongful death action derivative of those time-barred claims.

After a hearing on February 23, 2024, the judge allowed the defendants' motion for judgment on the pleadings on February 26, 2024, and entered judgment dismissing the complaint on March 4, 2024.

Discussion. 1. Motion to dismiss the appeal. The defendants filed a motion to dismiss the appeal arguing that the plaintiff, who is self-represented on appeal and is not an attorney, could not represent his wife's estate, which the defendants contend has multiple beneficiaries. See Mass.

_____

[5] The applicable statute of limitations is three years for general tort claims including negligence, fraud and misrepresentation, civil conspiracy, and loss of consortium, see G. L. c. 260, § 2A; three years for breach of warranty claims, see G. L. c. 106, § 2-318; and four years for claims under G. L. c. 93A, see G. L. c. 260, § 5A.

3

R. A. P. 15, as appearing in 481 Mass. 1627 (2019).  The

plaintiff counters that he is in fact the sole beneficiary of

his wife's estate.[6]  Review of the probate documents in the

record supports the plaintiff's position.

Catherine's will directed the payment of all "just debts

. . . as soon as practicable after [her] death" and devised the

remainder of her property to the plaintiff, provided that if the

plaintiff did not survive Catherine, the estate would be divided

equally among her children and their issue with right of

representation.  The contingent interests of the other heirs

terminated when the plaintiff survived Catherine, rendering him

the sole beneficiary.  See Cross v. Cross, 324 Mass. 186, 189

(1949) ("The general principle [is] that a will speaks as of the

time of the testator's death").  Because the plaintiff's

interests appear to be one and the same as the estate's, we are

not persuaded that the present appeal implicates the

unauthorized practice of law in violation of G. L. c. 221,

§ 46A, and we decline to resolve the appeal on that ground.  See

Wilbur v. Tunnell, 98 Mass. App. Ct. 19, 25 (2020) ("where no

third-party interests other than those of the litigants are at

---

[6] We acknowledge the defendants' motion to strike the
plaintiff's reply brief.  We deny the motion, but in considering
the brief we have excised those parts which rely on inaccurate
representations of the case law.

4

stake . . . the personal representative ought to be able to exercise the statutory right of self-representation").

2. Equitable estoppel. The plaintiff's principal brief on appeal does not advance any argument that the judge erred in dismissing his complaint or otherwise.[7] Rather, the plaintiff explains that he pursued this appeal because "[t]he doctrine of estoppel is a cornerstone of [his] case, yet it was not adequately presented" in the Superior Court proceedings. He now "seeks to demonstrate why equitable estoppel should apply" and requests to amend his complaint in the Superior Court.

The plaintiff argues that the defendants should be estopped from asserting the statute of limitations as a defense given their "deliberate statements denying the health risks and addictive nature of smoking," on which Catherine reasonably relied to her detriment. He argues that her failure to pursue legal action was not "a matter of conscious inaction," but rather was the result of the defendants' manipulative and false advertising that "misrepresented the risks of smoking and perpetuated the notion that if one couldn't stop smoking or suffered illness, it was due to personal failure."

As the plaintiff acknowledges, this argument was never "adequately presented" in the Superior Court. Although the

_____

[7] We discuss infra the assertions of error raised in the plaintiff's reply brief.

5

plaintiff reports consulting with counsel about his desire to amend the complaint to address estoppel even before Fabiano was decided, the argument never appeared in the plaintiff's pleadings and briefing.[8]  It surfaced for the first and only time during the February 23, 2024 hearing when the plaintiff raised his hand to speak and his attorney stated on his behalf, "I did want to explain that the nature of the argument that Mr. Devine wanted to make relates to the notion of whether the claim that Mrs. Devine, her eligibility to bring the claim, was equitably estopped by certain facts."  To the extent that the plaintiff now asks us to evaluate the merits of his equitable estoppel argument, that brief and ill-defined mention was insufficient to preserve the issue for our consideration.  See Commonwealth v. Johnson, 470 Mass. 300, 319 (2014) (claim waived where party did not "sufficiently develop . . . argument, leaving the court unable to adequately assess the[] claim").

We also decline to grant the plaintiff's request that we vacate the judgment in order to permit him to amend his complaint to address equitable estoppel.  The decision to permit

_____

[8] We are not persuaded by the plaintiff's assertion in his reply brief that the equitable estoppel argument was "thoroughly presented" in the section of his complaint alleging fraud and misrepresentation.  To invoke estoppel with respect to the statute of limitations, the complaint would require allegations that Catherine delayed bringing a suit in reliance on the defendants' representations.  See White v. Peabody Constr. Co., 386 Mass. 121, 134 (1982).

late amendment to the pleadings is ordinarily left to the sound discretion of the trial judge.  See Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974).  Here, the plaintiff never specifically requested leave to amend his complaint with his estoppel argument.  There is no reason to supplant the judge's discretion where the plaintiff had ample time to request such leave -- thirteen months elapsed between the issuance of the stay and the defendants' filing of the motion for judgment on the pleadings -- and admits that he anticipated the obstacle that the statute of limitations posed to his claims.

3.  <u>Other assertions of error</u>.  In his reply brief, the plaintiff asserts for the first time that errors were made in the Superior Court.  Those arguments are waived.  See <u>Spinosa</u> v. <u>Tufts</u>, 98 Mass. App. Ct. 1, 16 (2020).  Even if we were to

consider them, we find the arguments unpersuasive.[9,10]

---

[9] We find unavailing the plaintiff's argument that the "misapprehensions" of the judges (the judge and a different judge who conducted a December 2023 hearing on a motion to withdraw as counsel) concerning the plaintiff's purported lack of authority to represent Catherine's estate without counsel "impeded his ability to properly argue his position." We understand that the plaintiff perceived some difficulty in communicating his estoppel argument to the court because counsel was unwilling to advance the argument, the court did not permit counsel to withdraw, and the court became unwilling to directly engage with the plaintiff on issues affecting Catherine's estate during the December 2023 hearing. Even though the concern about the unauthorized practice of law, as discussed supra, may have been misplaced, where the motion for judgment on the pleadings was pending and the plaintiff's opposition had been docketed, both judges acted within their discretion in denying the motion to withdraw and declining to allow the plaintiff to speak on behalf of Catherine's estate at the hearing. See LoCicero v. Hartford Ins. Group, 25 Mass. App. Ct. 339, 344 (1988).

We also find unpersuasive the plaintiff's assertion that the judge's analysis of his claims under Fabiano "depriv[ed] him of an individualized adjudication" and "ignored the specific allegations and substantive issues presented in his complaint." Although the judge mentioned only the plaintiff's claims for negligence and breach of warranty and his claim under G. L. c. 93A, her correct analysis of time bar for negligence applies equally to the plaintiff's claims for civil conspiracy and fraud and misrepresentation because those claims also derive from claims personal to Catherine and subject to the three-year statute of limitations set forth in G. L. c. 260, § 2A.

[10] Although the judge did not separately analyze the plaintiff's loss of consortium claim, we are not persuaded that the judge erred in dismissing that claim either. See Mullins v. Corcoran, 488 Mass. 275, 281 (2021) (allowance of motion for judgment on pleadings is reviewed de novo). The plaintiff's complaint alleges that Catherine's smoking-related illness was diagnosed around 1998 and that his antemortem loss of companionship included "a loss of sexual intimacy for many years." The pleadings demonstrate that the plaintiff "recognized a substantial degeneration of the relationship[], and its probable tie" to his wife's smoking, some years before her death on November 14, 2018. Lijoi v. Massachusetts Bay

8

Judgment affirmed.

By the Court (Walsh, Toone & Tan, JJ.[11]),

Clerk

Entered:  April 9, 2026.

---

Transp. Auth., 28 Mass. App. Ct. 926, 928 (1990).  Because the cause of action accrued years before Catherine's death and the present action was filed nearly three years after her death, the claim for loss of consortium was barred by the three-year statute of limitations.  G. L. c. 260, § 2A.

[11] The panelists are listed in order of seniority.